LAMAR, Justice,
concurring in part and dissenting in part:
¶ 19. The majority summarily reverses and renders a jury verdict addressing only negligence and unjust enrichment. (See Maj. Op. at ¶¶ 6-7, listing all causes of action argued by Plaintiffs.) While I agree with the majority’s holding that Rehab cannot recover past wages under a theory of unjust enrichment, I cannot agree to reverse and render the entire jury verdict. Despite the fact that Willis specifically admitted at trial that Rehab could recover damages attributable to her negligence, and despite the fact that this is not challenged on appeal, the majority reverses and renders that portion of the verdict which Willis concedes.
¶ 20. At trial, Willis admitted that the $13,371.21 for “penalties and interest” was attributable to her mistakes in not filing the necessary returns, and the trial court granted Rehab a directed verdict in that amount. And on appeal, Willis concedes that the Rehab submitted proof of damages in the amount of $24,803.77, which includes the $13,371.21 for “penalties and interest” and $11,071.96 for accounting fees. Even if the majority is correct in its conclusion that negligence is not a “viable cause of action against Willis,” it errs in addressing and rendering that portion of the verdict that was not challenged at trial or assigned as error on appeal. See, e.g., Dennis v. Dennis, 824 So.2d 604, 611 (Miss.2002) (“We are not required to address issues that are not objected to at trial and preserved for appeal.”).
¶ 21. While I agree in the majority’s finding that Rehab cannot recover past wages under a theory of unjust enrichment, I cannot agree to reverse and render the entire jury verdict. I would affirm a verdict in the amount of $24,803.77 and reverse and render as to the remaining damages awarded by the trial court.
CARLSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.